# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOEL FLEMING, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-4567 |
| NEW ORLEANS COLD STORAGE AND WAREHOUSE COMPANY, LTD., AND SEAONUS STEVEDORING – NEW ORLEANS, L.L.C | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Noel Fleming, individually and on behalf of her deceased husband, Darel Fleming, and her minor children: Dai'ja Williams; Dajon'te Lowe; Darel Fleming, Jr.; Dijon Williams, Jr.; Jas'lynn Fleming; Juelz Lowe; and, Ju'liyah Fleming. Fleming argues that defendant, Seaonus Stevedoring – New Orleans, LLC, improperly removed this action to the United States District Court for the Eastern District of Louisiana, and that it should be remanded to the Civil District Court, Parish of Orleans, State of Louisiana, where it was originally filed.

Fleming, who is a citizen of Louisiana, filed this actions seeking damages for her husband's death. Fleming alleges that on August 18, 2017, her husband, Darel Fleming was employed by EmployUS as a laborer and working at a dock owned and/or operated by defendant New Orleans

Cold Storage and Warehouse Company, Ltd. While Darel was working alongside employees of Seaonus, he was crushed when cargo fell from a crane. Darel died as a result of his injuries.

Fleming filed this suit against defendants in the Civil District Court, Parish of Orleans, State of Louisiana alleging negligence claims and requesting a jury trial. Seaonus removed this action to the United States District Court for the Eastern District of Louisiana alleging subject matter jurisdiction under 28 U.S.C. § 1333. Seaonus contends that this case arises under the court's admiralty jurisdiction because the crane that allegedly dropped the cargo was part of a vessel's permanently affixed gear. Seaonus argues that claims arising under § 1333 are now removable due to the 2011 Amendments to 28 U.S.C. § 1441. Fleming filed the instant motion to remand arguing that, although the United States Court of Appeals for the Fifth Circuit has not ruled on this issue, this court and others in this district have consistently held that the 2011 Amendments to § 1441 did not make claims arising under § 1333 removable.[1]

## ANALYSIS

**I.     Legal Standard for Remand**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

---

[1] Fleming does not concede that general maritime law applies. Determining whether Louisiana law or the general maritime law applies to this action is not necessary to resolve the issue before the court, i.e. whether this matter should be remanded to the state court.

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

## II.     Removability of General Maritime Law Claims

Seaonus argues that general maritime law claims, over which the federal court has original jurisdiction under 28 U.S.C. § 1333, but are traditionally non-removable, are now removable due to the effect of the 2011 Amendments to 28 U.S.C. § 1441.

Section 1441(a), as amended, states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[2]

28 U.S.C. § 1441(a). The statute granting admiralty jurisdiction to the federal courts states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of : (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. Seaonus argues that these statutes, when read together, mean that general maritime law claims are removable under § 1441, because federal courts have original jurisdiction over such claims under § 1333.

Prior to the 2011 Amendments, § 1441(b) read:

---

[2] The prior version of § 1441(a) was identical to the current version, except it included this last sentence: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

3

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship of such residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The current version of § 1441(b) states:

> **Removal based on diversity of citizenship. – (1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought.

General maritime law claims do not arise under the Constitution, treaties or laws of the United States for the purposes of federal question jurisdiction under § 1331. See Romero v. Int'l Terminal Operating Co., 79 S.Ct. 468, 482 (1959). Thus, prior to the 2011 Amendments to § 1441, the United States Court of Appeals for the Fifth Circuit held that general maritime law claims were not removable, without some other basis for subject matter jurisdiction, because they were included with the "[a]ny other such actions" addressed in the second sentence of the pre-2011 Amendment version of § 1441(b), and the court construed this language as an "Act of Congress" that "expressly provided" that general maritime law claims were not removable under § 1441(a). In re Dutille, 935 F.2d 61, 63 (5th Cir. 1991).

In Ryan v. Hercules Offshore, Inc., 945 F.Supp.2d 772, 774-778 (S.D. Tex. 2013), the court reasoned that the removal of the "any other such action" language from § 1441(b) leads to the conclusion that § 1441 no longer prohibits the removal of general maritime law claims brought in

4

state court, and such claims are removable to federal court because they are within the court's original jurisdiction. Other district courts have followed Ryan, finding that general maritime law claims are freely removable without some other basis for federal court subject matter jurisdiction, such as diversity under 28 U.S.C. § 1332 or federal question under 28 U.S.C. § 1331. See Wells v. Abe's Boat Rentals Inc., 2013 WL 3110322 (S.D. Tex. 6/18/2013); Bridges v. Phillips 66 Co., 2013 WL 6092803 (M.D. La. 11/19/2013); Carrigan v. M/V AMC AMBASSADOR, 2014 WL 358353 (S.D. Tex. 1/31/2014); Exxon Mobil Corp. v. Starr Indem. & Liab. Co., 2014 WL 2739309 (S.D. Tex. 6/17/2014).

However, many sections of the United States District Court for the Eastern District of Louisiana have disagreed with the reasoning in Ryan. See Gregoire v. Enter. Marine Servs., LLC, 38 F.Supp.3d 749 (E.D. La. 2014) (Duval, J.); Bisso Marine Co., Inc. v. Techcrane Int'l, LLC, 2014 WL 4489618 (E.D. La. 9/10/2014) (Feldman, J.); Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC, 2014 WL 3796150 (E.D. La. 7/29/2014) (Berrigan, J.); Barry v. Shell Oil Co., 2014 WL 775662 (E.D. La. 2/25/2014) (Zainey, J.); Perrier v. Shell Oil Co., 2014 WL 2155258 (E.D. La. 5/22/2014) (Zainey, J.). These courts focused on the "savings to suitors" clause in § 1333, looked at the history of maritime removal jurisdiction, and concluded that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims. As stated in Gregoire, 38 F.Supp.3d at 764:

> Under Section 1441(a), removal of civil actions is permitted where the federal district court has "original jurisdiction" over the claim. Section 1333 provides jurisdiction to the federal court exclusively for *in rem* actions and concurrently with the state courts for *in personam* actions; without more, removal of maritime cases instituted in state courts appears to apply, superficially, under Section 1441(a). Yet Congress carefully wrought Section 1333 to balance interests of federalism and recognize historical development of maritime law in

5

state courts by including the saving to suitors clause. Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts. If state court maritime cases were removable under Section 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero*. That the saving to suitors clause does not guarantee a non-federal forum but only common law remedy, a rule oft cited by the Fifth Circuit, does not lead to the conclusion that the suit is invariably removable. As already established, maritime law claims brought under the saving to suitors clause in state court have traditionally required some other basis of jurisdiction independent of Section 1333 to be removable, supported by practical reasons and sound policy.

Congress' 2011 amendments to Section 1441 do not alter this conclusion. Though *Dutile* determined that "[a]ny other such action" under Section 1441(b) was an "Act of Congress" prohibiting removal of saving to suitors clause cases absent diversity and out-of-state defendants, the removal of this language in no way modified the long-standing rule that general maritime law claims require some other non-admiralty source of jurisdiction to be removable. Congress has not given any indication that it intended to make substantive changes to removal of admiralty matters, and the Fifth Circuit has not indicated otherwise. Despite the present debate over formalistic administration of admiralty law in the context of removal jurisdiction versus adherence to traditional admiralty procedure, this Court is bound to follow the clear precedent before it. Therefore, this Court finds that general maritime law claims are not removable under Section 1333 as part of the original jurisdiction of the court and require an independent basis of jurisdiction.

In determining whether remand is appropriate, the Court must "scrupulously confine ... jurisdiction to the precise limits which the statute has defined," and construe doubts concerning removal in favor of remand.

In <u>Yavorsky v. Felice Navigation, Inc.</u>, 2014 WL 5816999 (E.D. La. 11/7/2014) (Lemmon, J.), this court examined the competing district court decisions, and found the reasoning stated in <u>Gregoire</u> to be persuasive. This court followed the other sections of this court in holding that the

2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims initiated in state court, and such claims are not removable without an independent basis of subject matter jurisdiction. Id. This court still agrees with that reasoning. Therefore, Fleming's motion to remand is GRANTED, and this matter is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

### III. Attorneys' Fees and Costs

Fleming seeks attorneys' fees and costs associated with the motion to remand.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court of the United States has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005). However, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

In this case, Seaonus had an objectively reasonable basis for seeking removal. The United States Court of Appeals for the Fifth Circuit has not ruled on the effect of the 2011 Amendments to § 1441 on the removability of claims arising under § 1333, and various district courts have come to opposite conclusions. Therefore, plaintiffs' request for attorneys' fees and costs is DENIED.

### CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**.

New Orleans, Louisiana, this 13th day of June, 2018.

 _____
 **MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**